Filed 11/9/22  P. v. Cruz CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROBERTO CARLOS CRUZ,<br><br>    Defendant and Appellant. | G060903<br><br>(Super. Ct. No. 02CF0796<br><br>O P I N I O N |

         Appeal from a postjudgment order of the Superior Court of Orange County, Steven D. Bromberg, Judge.  Affirmed.

         Leslie Conrad, under appointment by the Court of Appeal, for Defendant and Appellant.

         No appearance for Plaintiff and Respondent.

Appellant Roberto Carlos Cruz was convicted, along with a codefendant, of the 2002 murders of Andres Garza and Francisco Walle. The jury found the murders to be first degree and returned true findings on special circumstance and enhancement allegations. Cruz was sentence to consecutive terms of life imprisonment without parole (a gang enhancement was stricken, and sentence on another count was stayed). He appealed and we affirmed his conviction. (*People v. Cruz* (Sept. 29, 2006, G035177) [nonpub. opn.].)

Cruz has since petitioned unsuccessfully for writ relief from this conviction three times. In 2021, he filed this action, seeking relief pursuant to newly enacted Penal Code section 1170.95.[1] Section 1170.95 is the procedural mechanism for implementing legislative changes in California law which narrow the scope of vicarious liability for murder in two ways. First, the Legislature eliminated the natural and probable consequences theory for that crime by providing that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Second, it reigned in the felony murder rule so that it can only be applied to *nonkillers* if they aided and abetted the killer in committing first degree murder, or they were a major participant in the underlying felony and acted recklessly indifferent to human life. (§ 189, subd. (e).)

In addition to ushering in these changes, the Legislature also enacted section 1170.95, which is the procedural mechanism for challenging a murder conviction based on vicarious liability. To obtain relief under that section, the defendant must show 1) he was prosecuted for murder under the felony murder rule or the natural and probable consequences doctrine, 2) he was ultimately convicted of first or second degree murder,

---

[1] That statute has since been renumbered as Penal Code section 1172.6. (Stats. 2022, ch. 58, § 10.) Because that change was nonsubstantive and it occurred after briefing in this case was complete, we will cite to Penal Code section 1170.95 for ease of reference. All further statutory references are to the Penal Code.

and 3) and he would not be liable for murder today because of how the Legislature has redefined that offense. (§ 1170.95, subd. (a).)

If the defendant makes a prima facie showing to that effect, the trial court is required to issue an order to show cause and, absent a concession by the People, conduct an evidentiary hearing. (§ 1170.95, subds. (c), (d).) At the hearing, the prosecution must prove beyond a reasonable doubt the defendant is ineligible for resentencing because his conduct did in fact rise to the level of murder as redefined by Senate Bill 1437. (*Id.*, subd. (d)(3).) Otherwise, the defendant is entitled to vacatur and resentencing pursuant to the terms of section 1170.95.

Here, counsel was appointed for appellant, the matter was fully briefed, a hearing was held, and the trial court denied the requested relief. Appellant appealed, and we appointed counsel to represent him. Counsel filed a brief which set forth the procedural facts of the case. Counsel did not argue against appellant but advised us there were no issues in the case that had any chance of success. Appellant was invited to express his own objections to the proceedings against him and filed a brief, but – as we will discuss – while he touched upon the section 1170.95 issue, he mostly addressed substantive issues not cognizable on his petition.

We find ourselves in agreement with appellate counsel. There is no relief available to Cruz. In the first place, the jury found defendant guilty of *first degree* murder. That finding necessarily requires an intent to kill. The jury also found a gang special circumstance to be true as to both counts, again necessarily reflecting an intent to kill. And they found true a drive-by murder special circumstance, another finding that necessarily includes a decision Cruz had the intent to kill.

As the trial court correctly found – after appointing appellant an attorney and conducting an undisputed hearing on the issue – these determinations establish appellant harbored actual malice so as to render him ineligible for resentencing under section 1170.95. (*People v. Lewis* (2021) 11 Cal.5th 952, 971; *People v. Gentile* (2020)

3

10 Cal.5th 830, 847; *People v. Bentley* (2020) 55 Cal.App.5th 150, 154.)  Therefore, his petition was properly denied.  There is simply no issue here.  Relief under section 1170.95 requires that the applicant be someone who could not be convicted under the legislative reformation of the felony murder rule.  Cruz does not fit that mold; he was one of two shooters and the jury found he had an intent to kill.

In his supplemental brief, appellant contends the jury instructions were erroneous.  He relies on erroneous instructions regarding the "natural and probable consequences theory" of criminal liability he says were given.  But those instructions were not given here.

This was a mistaken identity defense; Cruz claimed never to have been at the scene and to have met his codefendant only when they were jailed together.  Cruz was tried as one of two shooters in a gang retaliation case; there was no suggestion of any underlying crime of which the murder was a natural and probable consequence.  The only natural and probable consequence in the case was that if you shoot somebody he may naturally and probably die.  So no "natural and probable consequence" instructions were given.

Beyond that, Cruz's briefing consists entirely of issues we are not able to decide in an appeal from the denial of a section 1170.95 petition.  He contends the joinder of his case with his codefendant's was prejudicial (an argument analyzed and rejected in Cruz's direct appeal), he asserts California's criminal street gang laws are unconstitutional, he contends his trial counsel provided inadequate assistance, he attacks the sufficiency of the evidence, pointing out the discrepancies between the descriptions of the perpetrators and his own physical makeup, and argues the photo array from which his picture was chosen was unduly suggestive.  Essentially his argument is that the case against him is so weak that he could not be convicted if tried again – and that section 1170.95 is designed to provide relief to those who could not be convicted under California's new murder standards.

4

But on this appeal, we are limited by law to a review of the proceedings under his request for relief under section 1170.95. We cannot review issues either decided on his direct appeal or apparent and unraised. All we can do is review the hearing held below on his section 1170.95 petition, and we are unable to find any flaw in those proceedings. The jury rejected his defense that he was not there. By finding him guilty of first degree murder and finding the special circumstances true, they necessarily found he was a major participant (there were no minor participants; there were only the two shooters) and he had the intent to kill.

The order is affirmed.

BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


GOETHALS, J.